IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN SCOTT GRAHAM, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-25-219-D |
| DAVID ROGERS, Warden[1], | ) |
| Respondent. | ) |

# ORDER

Petitioner Jonathan Scott Graham, a pro se Oklahoma prisoner, brought this action seeking habeas relief for his state court convictions, pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

On March 14, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 12], in which she construes Petitioner's § 2241 petition as instead seeking relief under 28 U.S.C. § 2254. Although Petitioner does not identify which of his two state court convictions[2] he attempts to challenge, the magistrate judge recommends dismissing Petitioner's habeas petition for untimeliness as to *Graham I*. If Petitioner intended to challenge his conviction in *Graham II*, the magistrate judge recommends dismissing Petitioner's habeas petition because Petitioner has twice previously challenged his

---

[1] In her Report and Recommendation, the magistrate judge substituted Mr. Rogers as the proper respondent [Doc. No. 12, at 1, fn.1].

[2] *State v. Graham*, No. CF-2004-2412, District Court of Oklahoma County (Graham I); *State v. Graham*, No. CF-2004-2542, District Court of Oklahoma County (Graham II).

conviction in *Graham II* via § 2254 habeas petitions, and Petitioner has not confirmed that he received prior authorization from the Tenth Circuit prior to filing this successive habeas petition.

In her report, the magistrate judge notified Petitioner of his right to file an objection to the report on or before April 4, 2025, and that the failure to object waives Petitioner's right to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Upon review of the file and noting no timely objection to the findings and recommendations of the magistrate judge, the Court **ADOPTS** the Report and Recommendation [Doc. No. 12] in its entirety.

For the reasons stated therein, Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 8th day of April, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge